UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOSERANDO ESTRADA ACAO (A017-120-017),

                                        Plaintiff,

v.

ERIC HOLDER, JR., ATTORNEY GENERAL                    Case # 13-CV-6351-FPG
OF THE UNITED STATES; THE UNITED STATES
DEPARTMENT OF JUSTICE; U.S. DEPT OF                    DECISION & ORDER
HOMELAND SECURITY; USCIS, VERMONT
SERVICE CENTER; U.S. DEPARTMENT OF STATE,
BUREAU OF CONSULAR AFFAIRS; CONSULAR
GENERAL, U.S. EMBASSY, PHNOM PENH,
CAMBODIA; CHIEF, IMMIGRANT VISA UNIT,
U.S. EMBASSY, PHNOM PENH, CAMBODIA,

                                        Defendants.

---

## Introduction

Plaintiff Joserando Estrada Acao ("Plaintiff"), a United States citizen, brings this action seeking a Writ of Mandamus to compel the United States Department of State to reconsider its denial of a "K visa" for Plaintiff's fiancée, Sok Chenda Kim ("Ms. Kim"), a citizen of Cambodia. Dkt. # 1. The Defendants – the Attorney General of the United States, the United States Department of Justice, the United States Department of Homeland Security, the United States Citizenship and Immigration Services ("USCIS") Service Center in Vermont, the United States Department of State, Bureau of Consular Affairs, Consular General, United States Embassy in Phnom Penh, Cambodia, and its Chief of the Immigrant Visa Unit ("Defendants") – filed a Motion to Dismiss on the grounds that this Court lacks subject matter jurisdiction over the action, that the Plaintiff lacks standing, and that the Plaintiff has failed to state a claim upon which relief can be granted. Dkt. ## 4, 5. Because this Court lacks subject matter jurisdiction over the matter, Defendants' Motion to Dismiss is granted and the Complaint is dismissed.

Discussion

A district court may properly dismiss an action for lack of subject matter jurisdiction under Rule 12(b)(1) when it "lacks the statutory or constitutional power to adjudicate" the matter. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12(b)(1)). A plaintiff has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists.[1] *Makarova*, 201 F.3d at 113, citing *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996).

According to the Complaint, Plaintiff filed his first Form I-129F Petition for Alien Fiancée on January 19, 2010. After USCIS approved the petition on May 13, 2010, a consular official at the United States Embassy in Phnom Penh, Cambodia ("the Embassy"), denied Ms. Kim's application for a K visa on September 7, 2010. Plaintiff filed a second Form I-129F Petition for Alien Fiancée on May 19, 2011. USCIS again approved the petition and a consular official at the Embassy again refused Ms. Kim's application on July 23, 2012.

While the Plaintiff now pursues a Writ of Mandamus to compel Defendants to reconsider their denial of Ms. Kim's application for a K visa, it is well established that federal courts lack jurisdiction to review a consular official's decision to deny a visa application. *See, e.g.*, *Lem Moon Sing v. United States*, 158 U.S. 538, 547 (1895) ("The power of Congress to exclude aliens altogether from the United States, or to prescribe the terms and conditions upon which they may come into this country, and to have its declared policy in that regard enforced exclusively through executive officers, without judicial intervention, is settled by our previous adjudications."); *Kleindienst v. Mandel*, 408 U.S. 753, 766 (1972) ("Over no conceivable subject is the legislative power of Congress more complete than it is over the admission of aliens.")

---

[1] Plaintiff has failed to counter the substantial authority Defendants used to support their jurisdictional challenge with any authority of his own, despite his burden to establish subject matter jurisdiction by a preponderance of the evidence. Dkt. # 8.

(quoting *Oceanic Steam Navigation Co. v. Stranahan*, 214 U.S. 320, 339 (1909) (internal quotation marks omitted); *Rivera de Gomez v. Kissinger*, 534 F.2d 518, 519 (2d Cir. 1976) (holding that decisions of the Supreme Court of the United States and the Second Circuit preclude judicial review of a consular decision not to issue a visa); *Wan Shih Hsieh v. Kiley*, 569 F.2d 1179, 1181 (2d Cir. 1978) ("It is settled that the judiciary will not interfere with the visa-issuing process."); *Pena v. Kissinger*, 409 F. Supp. 1182, 1188 (S.D.N.Y. 1976) ("[P]laintiff is not entitled to judicial review of the Consul's decision."); *Salem v. Mukasey*, 683 F. Supp. 2d 289, 290 (W.D.N.Y. 2010) (maintaining that it is well-settled that decisions by a consular officer are final and not subject to review by federal courts)).   Based upon this ample authority, this Court is without jurisdiction to review the decisions of the consular officials made at the Embassy, and this action must be dismissed.

## Conclusion

Based upon the foregoing, Defendants' Motion to Dismiss (Dkt. # 4) is GRANTED and the Complaint (Dkt. # 1) is dismissed with prejudice.   The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: August 8, 2014
      Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge