UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOSERANDO ESTRADA ACAO (A017-120-017),

                             Plaintiff,

v.

ERIC HOLDER, JR., ATTORNEY GENERAL
OF THE UNITED STATES; THE UNITED STATES
DEPARTMENT OF JUSTICE; U.S. DEPT OF
HOMELAND SECURITY; USCIS, VERMONT
SERVICE CENTER; U.S. DEPARTMENT OF STATE,
BUREAU OF CONSULAR AFFAIRS; CONSULAR
GENERAL, U.S. EMBASSY, PHNOM PENH,
CAMBODIA; CHIEF, IMMIGRANT VISA UNIT,
U.S. EMBASSY, PHNOM PENH, CAMBODIA,

                             Defendants.

Case # 13-CV-6351-FPG

DECISION & ORDER

By Decision and Order dated August 8, 2014, I granted the Defendants' Motion to Dismiss this action, finding that the Court was without jurisdiction to entertain Plaintiff's claims. Dkt. # 13; *Acao v. Holder,* No. 13-CV-6351-FPG, 2014 WL 3894648 (W.D.N.Y. Aug. 8, 2014). Familiarity with that decision is presumed.

On September 10, 2014, the Plaintiff moved for reconsideration. Dkt. # 15. The Defendants have responded to the application, Dkt. # 16, and the Plaintiff subsequently filed a reply. Dkt. # 17.

DISCUSSION

Motions for reconsideration are governed by Local Rule of Civil Procedure 7(d)(3) and Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.,* 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted). "A

motion for reconsideration should be granted only when the [party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (citation and internal quotation marks omitted); *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). It is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc.*, 684 F.3d at 52 (citation omitted). Accordingly, on a motion for reconsideration, a party may not merely offer the same "arguments already briefed, considered and decided," nor may a party "advance new facts, issues or arguments not previously presented to the Court." *Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y. 1990). The decision to grant or deny the motion for reconsideration is within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009).

The Plaintiff fails to meet this demanding standard. As the Defendants point out, the Plaintiff's motion largely reiterates points that were previously made, which is not an appropriate basis for seeking reconsideration.

As was stated in my original Decision and Order, it is well settled that federal courts lack jurisdiction to review a consular officer's decision to deny a visa application. *See, e.g., Kleindienst v. Mandel*, 408 U.S. 753, 766 (1972). Indeed, in his Motion for Reconsideration, the Plaintiff correctly acknowledges this fact, stating that "the Consular Determination regarding visa eligibility [ ] is not subject to judicial review." Dkt. # 17, ¶ 10. Perhaps in an attempt to circumvent this well-settled principle, the Plaintiff states in his Motion for Reconsideration that "the consular officer **has not** denied K-1 visa Application." *Id.* (emphasis in original). However, that statement is flatly contradicted by the Plaintiff's own Complaint, in which he alleged that "on September 7, 2010, U.S. Embassy, Cambodia refused to grant K-1 Visa to

Plaintiff's fiancée, Ms. Kim," Dkt. # 1, ¶ 42. The Complaint also attached as an exhibit, a document on U.S. State Department letterhead dated September 7, 2010 and signed by an "American Consular Officer," that in pertinent part states that "this office regrets to inform you that it is unable to issue a visa to you." Dkt. # 1-1, p.4. Since the decision to deny the visa was that of the consular officer, this Court is without jurisdiction to review that determination.

Furthermore, to the extent that the Plaintiff argues that his action should nevertheless be permitted against the United States Citizenship and Immigration Services, I disagree. It is similarly well settled that this Court has no jurisdiction to otherwise interfere with the visa-issuing process, such as by ordering a visa application to be re-opened, as the Plaintiff requests. *See Wan Shih Hsieh v. Kiley*, 569 F.2d 1179, 1181 (2d Cir. 1978) ("[i]t is settled that the judiciary will not interfere with the visa-issuing process").

In short, nothing the Plaintiff has submitted demonstrates that the Court overlooked facts or law that would change the outcome of this case, especially in light of the ample authority demonstrating that this Court is without jurisdiction to entertain the Plaintiff's claims.

## CONCLUSION

For all of the foregoing reasons, Plaintiff's Motion for Reconsideration (Dkt. # 15), is DENIED in all respects.

IT IS SO ORDERED.

Dated: November 17, 2014
Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge

3